**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SHANNON MCKEIVER, | |
| Plaintiff | CIVIL ACTION NO. 3:25-CV-01718 |
| v. | (MEHALCHICK, J.) |
| RAJINDER MALHI[1], | |
| Defendant. | |

**MEMORANDUM**

Defendant Rajinder Malhi has moved to dismiss Plaintiff Shannon McKeiver's Eighth Amendment complaint alleging inadequate medical care for McKeiver's knee injury at SCI-Huntingdon. (Doc. 15). Because the complaint plausibly suggests a viable claim, the motion will be denied and the case will proceed to discovery.

**I.      BACKGROUND AND PROCEDURAL HISTORY**

The Court received McKeiver's initial complaint on September 15, 2025. Upon screening pursuant to 28 U.S.C. § 1915A, the Court found that the complaint did not state a claim for relief and permitted McKeiver to file an amended complaint. (Doc. 9). McKeiver filed this amended complaint on November 17, 2025, which was screened under the same standard. The Court ultimately permitted McKeiver to proceed on an Eighth Amendment claim of deliberate indifference to a serious medical need against Malhi, but dismissed all other claims. (Doc. 11).

---

[1] The docket will be corrected to reflect that the defendant initially named as "Doctor Mahli" is Rajinder Malhi.

As relevant to this motion, the operative complaint alleges as follows: In October 2023, McKeiver underwent surgery on his knee at an outside hospital, followed by physical therapy. "About 5 to 6 months later," McKeiver developed severe pain and stiffness in his knee, such that "he literally had to drag his left leg as he walked about for months."

At SCI-Huntingdon[2], Defendant Malhi treated McKeiver's knee injuries and prescribed Tylenol and a knee brace. Malhi was allegedly "well aware that the [physical therapy] sessions were not helping and that the knee was getting worse." Malhi ultimately told McKeiver that he would "be going out for surgery to fix his knee." During the intervening time, Malhi allegedly "continued to give medication that did nothing for the pain," despite knowing that this medication was ineffective. The surgery was not performed until May 13, 2025, because of scheduling delays that another "outside doctor" attributed to the prison.

Malhi now moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.    LEGAL STANDARDS

Rule 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.,*

---

[2] Although the amended complaint does not specifically allege so, the Court infers that all of Mahli's medical treatment occurred at SCI-Huntingdon, where McKeiver has been incarcerated for the pendency of this case.

662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the amended complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the elements that make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions' . . . ." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need the court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the amended complaint, and any reasonable inferences that can be drawn therefrom are to be

construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the United States*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

### III.  DISCUSSION

In contesting this motion, both parties have referred to material that is not properly considered on a motion to dismiss. First, Malhi contends that factual allegations in the prison's responses to McKeiver's grievances should be considered because they were attached to his original complaint. *See* (Doc. 16 at 8-9). However, the amended complaint "supersedes the original pleading and renders the original pleading a nullity." *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019). The grievance responses are not attached to the amended complaint, nor are they "incorporated into the [amended] complaint by reference"; therefore, these documents will not be considered.[3] *Tellabs*, 551 U.S. at 322; *see also Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) ("In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as

---

[3] Generally, when a motion to dismiss relies on documents extrinsic to the complaint, "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). However, this motion would be facially insufficient to secure summary judgment, because unverified grievance responses are not themselves competent evidence of the truth of the statements. *See Travillion v. Wetzel*, No. 24-1763, 2025 WL 971669, at *2-3 (3d Cir. Apr. 1, 2025) ("[W]hile prison grievances themselves may be considered on summary judgment as 'documents,' the statements contained therein are not competent evidence if they are unsworn and not made under penalty of perjury."). Therefore, this motion will be denied without prejudice to a properly supported motion for summary judgment.

undisputedly authentic documents *if the complainant's claims are based upon these documents*.") (emphasis added). For the same reasons, the Court cannot consider factual allegations that McKeiver has made in response to the motion. *See Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").

Regardless, the complaint suggests a plausible Eighth Amendment claim. A plaintiff can state a claim based on delay or denial of medical care by alleging (1) a serious medical need; (2) that the defendant was deliberately indifferent to that need; and (3) that the deliberate indifference caused harm to the plaintiff. *See Durham v. Kelley*, 82 F.4th 217, 229 (3d Cir. 2023). For a claim premised on inadequate medical care, courts "presume the treatment proper and require allegations that it violates professional standards of care in some extreme way." *DiFraia v. Ransom*, 171 F.4th 622, 629 (3d Cir. 2026) (quotation and citation omitted). Deliberate indifference may exist where a medical professional "insisted on continuing courses of treatment that the doctor knew were painful, ineffective or entailed substantial risk of serious harm." *White v. Napoleon*, 897 F.2d 103, 109 (3d Cir. 1990).

Malhi argues that McKeiver "received a lot of care," and construes the complaint as a dispute over the adequacy of treatment or a difference of medical opinion.[4] *See* (Doc. 16 at 10-12). However, McKeiver alleges that during the period between his two surgeries, Malhi persisted in prescribing ineffective medication even though he knew that McKeiver had a severe knee injury, that he was suffering significant pain, and that the medication was

---

[4] Malhi also objects to any attempt to impose *respondeat superior* liability based on McKeiver's allegation that Malhi is "responsible for care and well being of all inmates housed" at SCI-Huntingdon. However, the Court finds that the complaint is viable separately from any such claim.

ineffective. Malhi is correct that a dispute over the timing or need for surgery would not, by itself, suggest an Eighth Amendment violation; but regardless of any alleged entitlement to surgery, McKeiver would be entitled to receive treatment that did not reflect deliberate indifference to his pain.

The complaint suggests a question of fact as to whether, given Malhi's knowledge of McKeiver's knee problem, the persistence with ineffective medication constituted "serious neglect or mistreatment." *DiFraia*, 171 F.4th at 629. While the evidence may ultimately support Malhi's arguments, the complaint supports a plausible inference that this treatment reflected deliberate indifference, so this case cannot be dismissed at the pleading stage.

## IV.    CONCLUSION

Accordingly, Malhi's motion to dismiss (Doc. 15) will be denied, and the case will proceed to discovery. An appropriate order follows.


**Dated: May 26, 2026**                              *s/ Karoline Mehalchick*
                                                    **KAROLINE MEHALCHICK**
                                                    **United States District Judge**

6